

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Clerk of Court
1100 Commerce St. Room 1452
Dallas, TX 75242

**STEVEN OPPEGARD,**
Plaintiff (Pro Se)

v.

**NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER,**
Defendant

3-25CV0014-X

# COMPLAINT FOR VIOLATIONS OF THE CONSUMER FINANCIAL PROTECTION ACT (CFPA), REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA), HOMEOWNERS PROTECTION ACT (HPA), FRAUDULENT MISREPRESENTATION, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
# DEMAND FOR JURY TRIAL

## INTRODUCTION

1. Plaintiff **Steven Oppegard** brings this action against **Nationstar Mortgage LLC d/b/a Mr. Cooper** for fraudulent, abusive, and illegal mortgage servicing practices conducted without any legal authority or ownership interest in the mortgage loan in question.
2. Defendant **Mr. Cooper** has never produced an original or verified copy of the mortgage or deed, nor has it proven any ownership interest or legal right to service Plaintiff's mortgage. Despite this, Defendant fraudulently induced Plaintiff into making payments on a loan it does not own, misrepresented the status of Plaintiff's mortgage, and wrongfully seized payments and escrow funds over nearly a decade.
3. Defendant's willful violations of the **Real Estate Settlement Procedures Act (RESPA)**, **Consumer Financial Protection Act (CFPA)**, and **Homeowners Protection Act (HPA)**, as well as fraudulent misrepresentation and intentional infliction of emotional distress, demonstrate a pattern of systemic misconduct that has continued unabated despite recent federal penalties, including fines imposed by the **Consumer Financial Protection Bureau (CFPB)**.
4. Plaintiff seeks compensatory, statutory, and punitive damages for Defendant's wrongful actions, which include unauthorized foreclosure threats, unlawful seizure of funds, and the severe financial, emotional, and physical harm inflicted on Plaintiff.

5. This Court has jurisdiction over this case in the **Northern District of Texas**, where Defendant is headquartered and where the misconduct causing Plaintiff's harm originated.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under **28 U.S.C. § 1331**, as Plaintiff's claims arise under federal statutes, including **RESPA** (12 U.S.C. § 2601 et seq.), **CFPA** (12 U.S.C. § 5481 et seq.), and **HPA** (12 U.S.C. § 4901 et seq.).
7. Defendant **Nationstar Mortgage LLC**, headquartered in Coppell, Texas, is subject to personal jurisdiction in Texas, where it directed and executed the unlawful actions described herein.
8. Venue is proper under **28 U.S.C. § 1391(b)** because Defendant's operations in Texas caused the harm to Plaintiff and constitute the locus of the events giving rise to this action.

## PARTIES

9. **Plaintiff**, **Steven Oppegard**, is a California resident proceeding **Pro Se** due to the severe financial impact and emotional distress caused by Defendant's misconduct.
10. **Defendant**, **Nationstar Mortgage LLC d/b/a Mr. Cooper**, is a Delaware LLC with its principal place of business in Coppell, Texas. Defendant services residential mortgages across the United States and has engaged in the violations described herein.

## FACTUAL ALLEGATIONS

### 1. Lack of Legal Ownership or Authority

11. Defendant has never established any legal ownership of Plaintiff's mortgage and has failed to produce an original or verified copy of the mortgage or deed demonstrating lawful authority to service the loan.
12. Despite its lack of ownership or legal standing, Defendant serviced Plaintiff's mortgage, collected payments, charged fees, and initiated foreclosure proceedings—all without the necessary documentation or legal authority.
13. Plaintiff, in good faith, submitted multiple **Qualified Written Requests (QWRs)** under **RESPA** (12 U.S.C. § 2605(e); 12 CFR § 1024.36(d)), requesting proof of Defendant's ownership and servicing authority. Defendant failed to respond adequately, knowingly misrepresenting its authority to collect payments and enforce the loan.

### 2. Fraudulent Collection and Misapplication of Payments

14. In **2014**, Defendant began servicing Plaintiff's mortgage, despite its lack of ownership rights. Defendant misrepresented the loan's status and fraudulently induced Plaintiff to make payments on a non-existent debt for nearly a decade.
15. Defendant willfully misapplied Plaintiff's payments, added unauthorized fees, and escalated foreclosure threats, all while knowingly misrepresenting Plaintiff's loan as delinquent. These actions constitute violations of **12 U.S.C. § 2605** and fraud by misrepresentation.

### 3. Manipulative Timing and Unlawful Seizure of Escrow Funds

16. In **2024**, during the sale of Plaintiff's property, Plaintiff submitted a QWR seeking clarification of the loan's status. Three days before the sale, Defendant acknowledged receipt of the QWR but stated that it would respond within the legally required timeframe—a deadline falling after the property sale date.
17. Instead of addressing Plaintiff's inquiry, Defendant unlawfully seized **$448,000** from the loan balance and **$174,000** from escrow, without any legal basis or proof of ownership, violating **RESPA** and Plaintiff's rights under federal law.
18. To date, Defendant has failed to provide a substantive response to Plaintiff's QWR, leaving Plaintiff without resolution, access to seized funds, or recourse to correct Defendant's misrepresentations.

### 4. Pattern of Abusive Conduct and Federal Penalties

19. Defendant's conduct exemplifies a systemic pattern of abusive practices. In **2024**, Defendant was fined by the **Consumer Financial Protection Bureau (CFPB)** for similar violations, including misapplied payments, failure to respond to QWRs, unauthorized fees, and unlawful foreclosure actions.
20. Despite prior federal penalties and fines, Defendant continues to flout federal regulations, underscoring its reckless disregard for consumer protection laws and intent to profit from illegal practices.

### 5. Severe Emotional and Physical Harm

21. Defendant's actions caused Plaintiff severe emotional and physical harm, including **ventricular tachycardia**, resulting directly from the stress, uncertainty, and constant foreclosure threats caused by Defendant's wrongful actions.
22. Plaintiff's financial stability was destroyed, and his relationships with family were irreparably harmed. Plaintiff incurred significant out-of-pocket expenses for medical care and emotional trauma counseling due to Defendant's malicious and reckless behavior.
23. Defendant's continued harassment and refusal to provide substantive responses further exacerbated Plaintiff's emotional distress, leaving Plaintiff without financial or legal recourse.

## CLAIMS FOR RELIEF

**COUNT I: Violation of the Real Estate Settlement Procedures Act (RESPA)**

24. Plaintiff incorporates all preceding paragraphs.
25. Defendant violated **RESPA** (12 U.S.C. § 2605) by failing to respond to Plaintiff's QWRs within the legally mandated timeframe, misrepresenting its authority over the loan, and unlawfully seizing funds. Defendant's actions caused Plaintiff significant financial and emotional harm.

**COUNT II: Violation of the Consumer Financial Protection Act (CFPA)**

26. Defendant's deceptive practices—including fraudulent loan collection, failure to respond to QWRs, and ongoing abuse despite federal penalties—constitute unfair, deceptive, and abusive acts under **CFPA** (12 U.S.C. § 5531).
27. Defendant's actions warrant significant punitive damages to deter future misconduct.

**COUNT III: Violation of the Homeowners Protection Act (HPA)**

28. Defendant failed to remove **Private Mortgage Insurance (PMI)** after Plaintiff met statutory conditions for its removal, violating **HPA** (12 U.S.C. § 4901 et seq.) and imposing additional financial burdens on Plaintiff.

**COUNT IV: Fraudulent Misrepresentation and Inducement**

29. Defendant fraudulently induced Plaintiff to make payments on a loan it did not own, misrepresenting its legal authority, concealing material facts, and causing Plaintiff substantial financial losses.

**COUNT V: Intentional Infliction of Emotional Distress**

30. Defendant's actions—including wrongful collection practices, foreclosure threats, and failure to respond to QWRs—caused Plaintiff severe emotional distress, resulting in **ventricular tachycardia** and profound physical and emotional suffering.

---

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Enter judgment** in Plaintiff's favor for violations of **RESPA, CFPA, HPA, fraudulent misrepresentation**, and **intentional infliction of emotional distress**;
2. **Award compensatory, statutory, and punitive damages** totaling **$20 million** to address the financial, emotional, and physical harm inflicted on Plaintiff by Defendant's wrongful actions;
3. **Grant injunctive relief** mandating Defendant's compliance with federal mortgage servicing laws and ceasing all unlawful practices;

4. **Award Plaintiff's legal fees and costs** as permitted by law;
5. **Grant additional damages** to address Defendant's disregard for federal penalties, predatory conduct during Plaintiff's bankruptcy, and unauthorized foreclosure attempts without ownership rights.

---

**Respectfully submitted**,
**Steven Oppegard**, Pro Se

5904 Warner Ave. #429
Huntington Bch., Callifornia
(714) 612-5199
oppe59@gmail.com
Dated: 30DEC24

JS 44 (Rev. 04/21)(TXND 4/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**RECEIVED JAN - 3 2025  CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS** — KM

### I. (a) PLAINTIFFS
Oppegard, Steven P

### DEFENDANTS
Nationstar Mortgage LLC d/b/a/ Mr. Cooper

**(b)** County of Residence of First Listed Plaintiff: Orange
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Denton
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*: pro se

Attorneys *(If Known)*: 3-25CV0014-X

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS - PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS - PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS - Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [x] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

### V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
12 U.S.C. § 2605 (RESPA - Real Estate Settlement Procedures Act) 12 U.S.C. § 5531 (CFPA - Consumer Financial Protection Act) 12 U.S.C. § 49
Brief description of cause:

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $: 20000000.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes  [ ] No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____  DOCKET NUMBER _____

DATE: 12/30/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

