IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN OPPEGARD,<br>　　　Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:25-CV-014-X-BW |
| | § | |
| NATIONSTAR MORTGAGE LLC,<br>d/b/a MR. COOPER<br>　　　Defendant. | §<br>§<br>§<br>§ | |

# ORDER

Plaintiff Steven Oppegard, proceeding pro se, filed this lawsuit against Defendant Nationstar Mortgage LLC on January 3, 2025. (Dkt. No. 3.) This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to Special Order 3-251. (*See* Dkt. No. 1.)

In a letter received March 4, 2025, Plaintiff reports that he no longer wishes to pursue his claim at this time and believes "that withdrawing this case is the most appropriate course of action[.]" (Dkt. No. 5.) He further requests that the case be dismissed without prejudice. (*Id.*)

The Court construes Plaintiff's letter as a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a). Rule 41(a) allows a plaintiff to voluntarily dismiss his action by filing a notice of dismissal before the opposing party serves an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Defendant has not yet been served in this case, nor has Defendant appeared and filed an answer or motion for summary judgment. Plaintiff's notice of voluntary dismissal "is self-

effectuating and terminates the case in and of itself; no order or other action of the district court is required." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) (internal quotation marks omitted).  Under Rule 41(a)(1)(B), such dismissal is without prejudice unless Plaintiff's notice states otherwise or the Plaintiff previously dismissed any federal- or state-court action based on or including the same claim.

Plaintiff's notice of dismissal effectively terminates the case, and the Clerk is **DIRECTED** to close this matter.

**SO ORDERED** on March 5, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE